# EXHIBIT
# A

# STATE COURT FILE

26SO-CV00740
Electronically Filed - Scott - May 27, 2026 - 02:28 PM

**IN THE CIRCUIT COURT OF**
**SCOTT COUNTY, MISSOURI**

| | | |
|---|---|---|
| TONYA MITCHELL,<br><br>Plaintiff,<br><br>v.<br><br>CARLISLE CONSTRUCTION MATERIALS, LLC<br><br>**Serve:** CSC-Lawyers Inc. Service<br>221 Bolivar St.<br>Jefferson City, MO 65101<br><br>Defendant. | ) | Case No. ________________<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF TONYA MITCHELL'S PETITION FOR DAMAGES**

COMES NOW Plaintiff Tonya Mitchell ("Plaintiff"), by and through undersigned counsel, and for her Petition for Damages against Defendant Carlisle Construction Materials, LLC ("Defendant"), states:

**PARTIES**

1. Plaintiff brings her action under the Missouri Human Rights Act ("MHRA"), RSMo. § 213.010, et seq., and alleges discrimination based on race.

2. Plaintiff is a natural person, a citizen of the State of Missouri, who resides in Scott County, Missouri.

3. Defendant is a limited liability company with its principal place of business at 101 Armor Dr., Sikeston, Missouri 63801.

4. Plaintiff is a former employee of Defendant working from its location at 101 Armor Dr., Sikeston, Missouri 63801.

Electronically Filed - Scott - May 27, 2026 - 02:28 PM

5. Plaintiff was an employee of Defendant at all relevant times mentioned and described herein.

6. Defendant is an employer and Plaintiff is an employee as defined in RSMo. § 213.010.

**JURISDICTION AND VENUE**

7. Defendant's unlawful employment practices complained of herein occurred in Scott County, Missouri.

8. Pursuant to RSMo. § 213.111, jurisdiction and venue are proper in this Court, as the acts, occurrences, and events alleged in this action took place, in whole or in part, in Scott County, Missouri.

**JURISDICTIONAL PREREQUISITES**

9. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR") on or around January 22, 2026, detailing the allegations and claims of discrimination based on race. A true and accurate copy of the Charge is attached hereto as **Exhibit A**.

10. Defendant was named in Plaintiff's Charge.

11. On February 27, 2026, the EEOC issued Plaintiff a Notice of Right to Sue. A true and accurate copy of Plaintiff's Notice of Right to Sue is attached hereto as **Exhibit B**.

12. Plaintiff's Notice of Right to sue under the MHRA will not be issued until 180 days have passed from the date of her filing the complaint.

13. Plaintiff has fully complied with all jurisdictional prerequisites under the EEOC to bring this action.

Electronically Filed - Scott - May 27, 2026 - 02:28 PM

14. Plaintiff is timely filing this action within ninety (90) days of the date her Notice of Right to Sue letter issued, and within two (2) years of Plaintiff's termination by Defendant.

15. Plaintiff has satisfied and exhausted all administrative and judicial prerequisites prior to the filing of this action.

## FACTUAL ALLEGATIONS

16. Plaintiff was hired by Defendant on or about October 24, 2022, in the position of Production Operator.

17. Plaintiff is a Black woman and is therefore in a protected class.

18. Prior to the incidents described herein, Plaintiff was in good standing with Defendant and had been performing her job duties satisfactorily.

19. Her employment was terminated on or about January 20, 2026, under circumstances that were discriminatory and unlawful.

### *i. The Lockout/Tagout ("LOTO") Incident and Disparate Discipline*

20. On or about January 15, 2026, Plaintiff and two other Black male co-workers were performing cleaning and dusting duties in an area near a non-operational machine known as the Flute machine.

21. Defendant has well-established LOTO procedures for functioning production machinery. However, the Flute machine was non-functioning and bore no LOTO locks or Minor Serving Exception locks.

22. Defendant had not communicated any established LOTO procedures regarding non-functioning machines. Notably, this particular machine did not have a Standard Operating Procedure, unlike the working machines.

Electronically Filed - Scott - May 27, 2026 - 02:28 PM

23. Plaintiff and her two co-workers took no steps to perform any LOTO procedures as it was unclear whether it was required.

24. On January 16, 2026, a White co-worker performed the same cleaning and dusting duties on the same machinery.

25. Plaintiff asked this White employee whether she had locked out the machine.

26. The White co-worker informed Plaintiff that she did not perform any LOTO procedures, just as Plaintiff and her two co-workers had decided not to do.

27. That employee stated that she had not done the LOTO procedure because the machine was non-functioning, and therefore LOTO procedures were unnecessary. The same reasoning Plaintiff and her colleagues had applied.

28. The White employee then reported to management that when she completed her duties, she did not perform any LOTO procedures.

29. As a result, supervisors for Defendant disciplined all four employees.

30. However, despite engaging in identical conduct, the discipline imposed was starkly unequal along racial lines.

31. Plaintiff and her two Black co-workers received final written warnings.

32. The White employee received only a verbal warning.

33. Defendant maintains a two-strike written warning policy.

34. As a result, Plaintiff, who had a prior final written warning on file, was terminated on January 20, 2026.

35. In a similar prior incident, on the same day Plaintiff worked on the Flute machine, three White employees were working at the Unwind area.

Electronically Filed - Scott - May 27, 2026 - 02:28 PM

36. When Plaintiff was informed the three White employees had not completed the LOTO procedure for their machine, she reported this to her supervisor, a White employee.

37. No action was taken against these White employees for the same "infraction" as Plaintiff.

*ii. Hostile Work Environment and Prior Complaints*

38. Prior to her termination, Plaintiff was subjected to a sustained pattern of harassment and intimidation that management failed to address despite repeated complaints.

39. Plaintiff's Plant Manager and direct supervisor are White men.

40. Around September 2025, a White female co-worker intentionally physically bumped her shoulder into Plaintiff in an aggressive manner, which was witnessed by another employee.

41. Plaintiff reported this to the Production Manager and her supervisor.

42. Management dismissed the complaint and took no corrective action.

43. On November 7, 2025, Plaintiff and another White co-worker had been reprimanded for a LOTO violation.

44. During management's investigation into the violation, the White co-worker accused Plaintiff of being aggressive and threatening. This statement was recorded and placed into Plaintiff's personnel file.

45. On November 10, 2025, Plaintiff received her first final written warning for this incident and was informed of her co-worker's statement.

46. Plaintiff refused to sign the final written warning because she knew the co-worker's statement regarding her behavior was falsified.

Electronically Filed - Scott - May 27, 2026 - 02:28 PM

47. Plaintiff, out of concern for her job, informed management of the false statements and asked to be removed from working with this employee, to prevent any further false statements.

48. Management took no further steps to investigate Plaintiff's accusation, despite taking steps when the White employee made statements against her.

49. On November 14, 2025, the White employee admitted to Plaintiff that she had fabricated her prior statement to management. That employee apologized and stated that she falsified her report because she was stressed out.

50. Plaintiff immediately reported this admission to the Human Resources supervisor, a White employee.

51. Plaintiff again requested to be relocated to a different work area away from this employee due to the stress and an elevation in her blood pressure, but management refused.

52. No corrective action was taken.

53. On December 16, 2025, a line driver who is a White male, made a loud statement to a co-worker that his "only job today was to piss someone off," which was aimed at Plaintiff.

54. Later that morning, the White employee used his forklift to repeatedly slam its forks up and down on the floor while staring at Plaintiff in an intimidating manner.

55. Plaintiff told her Lead, a White male, that she was tired of this employee intimidating her, and was so disturbed that she requested that she be moved away from the line driver.

56. Plaintiff was told to go back to working with this person, and the Lead said he would talk to the employee.

57. Management moved her away from the employee briefly but made her move back to his vicinity shortly after.

Electronically Filed - Scott - May 27, 2026 - 02:28 PM

58. No further action was taken.

59. On December 18, 2025, that same employee again engaged in intimidating behavior by standing near his forklift in a dark hooded sweatshirt with the hood drawn over his head and face, staring at Plaintiff.

60. No corrective action was taken.

61. In January 2026, prior to her termination, Plaintiff was assigned by her supervisor to complete an unsafe assignment involving the Laminator.

62. She reported this to supervisors, advising them of the danger sign which stated, "Do not go past the rail guard."

63. Plaintiff was still tasked to perform the dangerous assignment.

64. She respectfully refused to comply to her supervisor due to the sign expressly prohibiting that activity.

65. Plaintiff believes that since she already had a final written warning, management would have found used her violating this warning sign as cause to terminate her.

66. Ultimately, Plaintiff refused to perform the procedure.

67. Plaintiff repeatedly informed management that she was working in a hostile work environment and that the ongoing stress was adversely affecting her mental and physical health.

68. Her complaints were consistently ignored or minimized.

## COUNT I
## Discrimination – Race (§ 213.055)

69. Plaintiff incorporates all prior paragraphs.

70. Plaintiff is a Black employee and therefore in the protected class for race.

71. Plaintiff was qualified for her position with Defendant and met her employer's legitimate performance expectations.

Electronically Filed - Scott - May 27, 2026 - 02:28 PM

72. Plaintiff was reprimanded under circumstances that employees not in her protected class were not reprimanded for.

73. Specifically, on multiple occasions White employees were not reprimanded, or were reprimanded less severely than Plaintiff for exact same actions.

74. Defendant treated other employees that were not in Plaintiff's protected class better than Plaintiff.

75. Defendant created a hostile work environment so hostile that it changed the terms and conditions of her workplace.

76. Defendant ultimately terminated Plaintiff based on her race.

77. As a direct and proximate result of the conduct of Defendant and the conduct of the supervisors and managers, Plaintiff suffered grievous injury and damage, including but not limited to past, present, and future lost wages, benefits, earnings and earning capacity, mental anguish, pain, humiliation, embarrassment, depression, anxiety, anger, physical manifestations of emotional distress and physical injury, and lost enjoyment of life.

WHEREFORE, Plaintiff Tonya Mitchell prays that this Court rule in her favor, and against Defendant Carlisle Construction Materials, LLC, award damages to compensate Plaintiff for actual and compensatory damages, economic losses and emotional distress, punitive damages, reasonable attorney's fees, and all other relief this Court deems just and proper.

## COUNT II
## Hostile Work Environment

78. Plaintiff incorporates all prior paragraphs.

79. Plaintiff was in a protected class for race.

80. As detailed above, Plaintiff was subject to unwelcome harassment.

Electronically Filed - Scott - May 27, 2026 - 02:28 PM

81. The harassment by Defendant and its employees was based on Plaintiff's protected characteristics.

82. The harassment affected a term, condition, or privilege of her employment in that Plaintiff was terminated.

83. Prior to being terminated, Plaintiff had been trained and worked in all positions within the operations portion of the plant and had authority to operate in all areas except one. This gave her the seniority to be able to work anywhere on the line. However, her management kept her in a position that all other employees viewed as the least desirable position in the plant, despite other White employees being moved to more desirable positions, including less seasoned White employees.

84. Plaintiff provided repeated notice of the harassment to Defendant.

85. Defendant knew or should have known of the harassment and failed to promptly take remedial action.

86. The harassment was sufficiently severe or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive.

87. At the time the harassment occurred, and as a result of the same, Plaintiff believed the work environment to be hostile or abusive.

88. As a direct and proximate result of the conduct of Defendant and the conduct of the supervisors and managers, Plaintiff suffered grievous injury and damage, including but not limited to past, present, and future lost wages, benefits, earnings and earning capacity, mental anguish, pain, humiliation, embarrassment, depression, anxiety, anger, physical manifestations of emotional distress and physical injury, and lost enjoyment of life.

WHEREFORE, Plaintiff Tonya Mitchell prays that this Court rule in her favor, and against Defendant Carlisle Construction Materials, LLC, award damages to compensate Plaintiff for actual

Electronically Filed - Scott - May 27, 2026 - 02:28 PM

and compensatory damages, economic losses and emotional distress, punitive damages, reasonable attorney's fees, and all other relief this Court deems just and proper.

Respectfully,

*/s/ Michael D. Garland*
Michael D. Garland, #74663(MO)
101 W. Argonne Ave. #202
Kirkwood, MO 63122
Tel: 314-332-6228
Email: michael@garlandlawpc.com

***Attorney for Plaintiff Tonya Mitchell***

Electronically Filed - Scott - May 27, 2026 - 02:28 PM

EEOC No. 560-2026-01300 | FEPA No.

# CHARGE OF DISCRIMINATION

Form 5 (06/24)

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

**CHARGE PRESENTED TO:**

EEOC

Missouri Commission On Human Rights

**AGENCY CHARGE NO.**

560-2026-01300

Name *(indicate Mr., Ms., Mrs., Miss, Dr., Hon., Rev.)*: Ms. Tonya Mitchell

Phone No.: 573-620-8172

Year of Birth: 1975

Mailing Address: 1202 Ann Dr

SIKESTON, MO 63801

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.

Name: Carlisle Construction Materials

No. Employees, Members: 501+ Employees

Phone No.: (573) 313-0908

Mailing Address: 101 ARMOR DR

SIKESTON, MO 63801, UNITED STATES OF AMERICA

Name:

No. Employees, Members:

Phone No.:

Mailing Address:

DISCRIMINATION BASED ON:

Age, Color, Race, Retaliation

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: 11/07/2025

Latest: 01/20/2026

THE PARTICULARS ARE:

1. I was hired by the above-named employer on or about October 24, 2022. My job was Production Operator. My payrate was approximately $26.00 per hour. My employment ended on or about January 20, 2026.

2. I am Brown, African American, and over the protected age group. The employer was aware of my protected classed. I was in good standing with the employer prior to the events that led to this situation. I was disciplined for an event that occurred where others outside of my protected class were involved. The others were not disciplined on or about November 7, 2025. There were no established procedures for the events that occurred regarding non-working machines. Several of us cleaned in the area of non-working machines. I had also made a complaint to human resources about a previous matter. I was the only person terminated for this on or about January 20, 2026. Others outside my protected classes were treated more favorably.

3. I believe the employer discriminated against me based on race, color, age, and retaliation when it disciplined and discharged me, in violation of Title VII of the Civil Rights Act of 1964, as amended, and in violation of The Age Discrimination in Employment Act of 1967, as amended.

Electronically Filed - Scott - May 27, 2026 - 02:28 PM



I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct, and that I have read each page of this form.

Digitally Signed By: Ms. Tonya Mitchell
02/25/2026

Charging Party Signature & Date

If a state or local Fair Employment Practices Agency (FEPA) requires notarization, you may need to sign the charge in the presence of a notary. If so, please do so here.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.

_______________________________________

Notarized Signature of Charging Party

Subscribed and sworn to before me this date:

Signature of Notary_______________________________________

Printed Name _______________________________________

Electronically Filed - Scott - May 27, 2026 - 02:28 PM

## CP Enclosure with EEOC Form 5 (06/24)

### Privacy Act Statement

Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **Form Number/Title/Date.** EEOC Form 5, Charge of Discrimination (06/24).
2. **Authority.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.
3. **Principal Purposes.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.
4. **Routine Uses.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.
5. **Whether Disclosure is Mandatory; Effect of Not Giving Information.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### Notice of Right to Request Substantial Weight Review

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so *within 15 days* of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### Notice of Non-Retaliation Requirements

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA, Section 207(f) of GINA, and 42 USC 2000gg-2(f)(1) of the PWFA it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

Electronically Filed - Scott - May 27, 2026 - 02:28 PM

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**St. Louis District Office**
1222 Spruce St, Rm 8 100
St Louis, MO 63103
(314) 798-1960
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 02/27/2026

**To:** Ms. Tonya Mitchell
1202 Ann Dr
SIKESTON, MO 63801
Charge No: 560-2026-01300

EEOC Representative and email: JILL BERKLAND
EQUAL OPPORTUNITY INVESTIGATOR
JILL.BERKLAND@EEOC.GOV

---

## DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 560-2026-01300.

On behalf of the Commission,

Digitally Signed By:David Davis
02/27/2026

David Davis
District Director

Electronically Filed - Scott - May 27, 2026 - 02:28 PM

**Cc:**
Susan Wallace
Carlisle Construction Materials
1285 Ritner Hwy
Carlisle, PA 17013

Carlisle Construction Materials
101 ARMOR DR
SIKESTON, MO 63801

Please retain this Notice for your records.

Electronically Filed - Scott - May 27, 2026 - 02:28 PM



# INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to: https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a

Electronically Filed - Scott - May 27, 2026 - 02:28 PM



FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 560-2026-01300 to the District Director at David Davis, 1222 Spruce St Rm 8 100, St Louis, MO 63103.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 560-2026-01300 to the District Director at David Davis, 1222 Spruce St Rm 8 100, St Louis, MO 63103.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

# Summons in Civil Case

IN THE 33RD JUDICIAL CIRCUIT, SCOTT COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>ROBERT ZACHARY HORACK | **Case Number: 26SO-CV00740** | |
| Plaintiff/Petitioner:<br>TONYA MITCHELL<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MICHAEL GARLAND<br>101 W ARGONNE DR. 202<br>KIRKWOOD, MO 63122 | |
| Defendant/Respondent:<br>CARLISLE CONSTRUCTION MATERIALS, LLC | Court Address:<br>P O BOX 587<br>BENTON, MO 63736 | |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | (Date File Stamp for Return) |

**The State of Missouri to:** **CARLISLE CONSTRUCTION MATERIALS, LLC**
**Alias:**
**101 ARMOR DR.**
**SIKESTON, MO 63801**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***

***SCOTT COUNTY***

| | |
|---|---|
| 29-MAY-2026 | Stacey Naile, Circuit Clerk /s/<br>Sara Potts, Court Clerk |
| Date | Clerk |

**Further Information:**



Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**Officer's or Server's Return**

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with ______________________________, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

______________________________ (name) ______________________________ (title).

☐ other: ______________________________.

Served at ______________________________ (address)

in ______________________________ (County/City of St. Louis), MO, on ______________ (date)

at ____________ (time).

______________________________ ______________________________

Printed Name of Officer or Server Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on ______________________ (date).

*(Seal)*

My commission expires: ______________ ______________________

Date Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

# Associate Division Alias Summons

IN THE 33RD JUDICIAL CIRCUIT, SCOTT COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>ROBERT ZACHARY HORACK | **Case Number:**<br>**26SO-CV00740** | |
| Plaintiff/Petitioner:<br>TONYA MITCHELL<br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>MICHAEL GARLAND<br>101 W ARGONNE DR. 202<br>KIRKWOOD, MO 63122<br>(314) 332-6228 | |
| Defendant/Respondent:<br>CARLISLE CONSTRUCTION MATERIALS, LLC | Date, Time and Location of Court Appearance: | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | |

**The State of Missouri to:** **CARLISLE CONSTRUCTION MATERIALS, LLC**
**Alias:**
**101 ARMOR DR.**
**SIKESTON, MO 63801**

**Other Addresses:**

You are summoned to appear before this court on the date, time, and location above to answer the attached petition. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition. You may be permitted to file certain responsive pleadings, pursuant to chapter 517, RSMo. Should you have any questions regarding responsive pleadings in this case you should consult an attorney.

**If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.**

***COURT SEAL OF***

***SCOTT COUNTY***

29-JUN-2026
Date

Stacey Naile, Circuit Clerk /s/
Sara Potts, Court Clerk
Clerk

**Further Information:**

## Officer's or Server's Return

**Note to serving officer**: Service must not be made less than 10 days nor more than 60 days from the date the defendant/respondent is to appear in court. Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with ______________________________, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

__________________________________________ (name) ____________________________ (title).

☐ other: ____________________________________________________________________________.

Served at _____________________________________________________________________ (address)

in _______________________________ (County/City of St. Louis), MO, on ___________________ (date)

at _____________ (time).

| Printed Name of Officer or Server | Signature of Officer or Server |
| --- | --- |

**Must be sworn before a notary public if not served by an authorized officer.**

Subscribed and sworn to before me on ___________________________ (date).

*(Seal)*

My commission expires: __________________ ___________________________
Date Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - SCOTT - June 29, 2026 - 11:07 AM

**IN THE CIRCUIT COURT OF**
**SCOTT COUNTY, MISSOURI**

| | | |
|---|---|---|
| TONYA MITCHELL, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 26SO-CV00740 |
| CARLISLE CONSTRUCTION MATERIALS, LLC | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

**PLAINTIFF TONYA MITCHELL'S REQUEST FOR ALIAS SUMMONS**

COMES NOW Plaintiff Tonya Mitchell, by and through undersigned counsel, and requests an alias summons for her Petition for Damages against Defendant Carlisle Construction Materials, LLC, due to her initial summons not being served within 30 days.

Respectfully,

*/s/ Michael D. Garland*
Michael D. Garland, #74663(MO)
101 W. Argonne Ave. #202
Kirkwood, MO 63122
Tel: 314-332-6228
Email: michael@garlandlawpc.com

***Attorney for Plaintiff Tonya Mitchell***

Electronically Filed - SCOTT - June 30, 2026 - 03:33 PM

**IN THE CIRCUIT COURT OF**
**SCOTT COUNTY, MISSOURI**

TONYA MITCHELL, )
)
Plaintiff, )
)
v. ) Case No. 26SO-CV00740
)
CARLISLE CONSTRUCTION ) JURY TRIAL DEMANDED
MATERIALS, LLC )
)
Defendant. )

**PLAINTIFF TONYA MITCHELL'S NOTICE OF PAYMENT**

COMES NOW Plaintiff Tonya Mitchell, by and through undersigned counsel, and provides notice to this Court that she has paid the special process order fee of $10.00.

Respectfully,



*/s/ Michael D. Garland*
Michael D. Garland, #74663(MO)
101 W. Argonne Ave. #202
Kirkwood, MO 63122
Tel: 314-332-6228
Email: michael@garlandlawpc.com

***Attorney for Plaintiff Tonya Mitchell***

Electronically Filed - SCOTT - June 30, 2026 - 09:02 AM

**IN THE 33RD JUDICIAL CIRCUIT, SCOTT COUNTY, MISSOURI**

| Judge or Division: Robert Zachary Horack | **Case Number:** 26SO-CV00740 |
|---|---|
| Plaintiff: Tonya Mitchell | Defendant: Carlisle Construction Materials, LLC |

(Date File Stamp)

## REQUEST FOR APPOINTMENT OF SPECIAL PROCESS SERVER

Comes now Plaintiff, through undersigned counsel, pursuant to RSMo Sec. 506.140 and at his/her/its own risk, requests the appointment of:

| Name of Process Server | Address | Telephone |
|---|---|---|
| Martin Hueckel (HPS Process Service & Investigations) | 6642 Clayton Road, Suite 243, Richmond Heights, MO 63117 | 714-881 -8310 |
| | | |

a person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

**SERVE:**

Name: CSC Lawyers Inc.

Address: 221 Bolivar St.

City/State/Zip: Jefferson City, MO 65101

**SERVE:**

Name: ______________________

Address: ______________________

City/State/Zip: ______________________

**Appointed as requested:**

**Circuit Clerk**

**By**

______________________ **Date** ______________________

Deputy Clerk

Electronically Filed - SCOTT - June 30, 2026 - 09:02 AM

**IN THE 33RD JUDICIAL CIRCUIT, SCOTT COUNTY, MISSOURI**

| Judge or Division: Robert Zachary Horack | Case Number: 26SO-CV00740 | |
|---|---|---|
| Plaintiff: Tonya Mitchell | Defendant: Carlisle Construction Materials, LLC | (Date File Stamp) |

# REQUEST FOR APPOINTMENT OF SPECIAL PROCESS SERVER

Comes now Plaintiff, through undersigned counsel, pursuant to RSMo Sec. 506.140 and at his/her/its own risk, requests the appointment of:

| Name of Process Server | Address | Telephone |
|---|---|---|
| Martin Hueckel (HPS Process Service & Investigations) | 6642 Clayton Road, Suite 243, Richmond Heights, MO 63117 | 714-881 -8310 |
| | | |

a person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

**SERVE:**
Name: CSC Lawyers Inc.
Address: 221 Bolivar St.
City/State/Zip: Jefferson City, MO 65101

**SERVE:**
Name:
Address:
City/State/Zip:

**Appointed as requested:**

**Circuit Clerk**

**By**

Stacey Naile, Circuit Clerk /s/ Sara Potts, Court Clerk

Deputy Clerk

**Date** 07/01/2026

CIV030

Electronically Filed - SCOTT - July 06, 2026 - 03:07 PM

**IN THE 33RD JUDICIAL CIRCUIT, SCOTT COUNTY, MISSOURI**

| Judge or Division: Robert Zachary Horack | **Case Number:** 26SO-CV00740 |
|---|---|
| Plaintiff: Tonya Mitchell | Defendant: Carlisle Construction Materials, LLC |

(Date File Stamp)

# REQUEST FOR APPOINTMENT OF SPECIAL PROCESS SERVER

Comes now Plaintiff, through undersigned counsel, pursuant to RSMo Sec. 506.140 and at his/her/its own risk, requests the appointment of:

| Name of Process Server | Address | Telephone |
|---|---|---|
| Scott Brown (HPS Process Service & Investigations) | 6642 Clayton Road, Suite 243, Richmond Heights, MO 63117 | 714-881 -8310 |
| | | |

Name of Process Server | Address | Telephone

a person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

**SERVE:**
CSC Lawyers Inc.
Name
221 Bolivar St.
Address
Jefferson City, MO 65101
City/State/Zip

**SERVE:**
______
Name
______
Address
______
City/State/Zip

**Appointed as requested:**

**Circuit Clerk**

**By**

______________________ **Date** ______________

Deputy Clerk

Electronically Filed - SCOTT - July 06, 2026 - 03:07 PM

**IN THE 33RD JUDICIAL CIRCUIT, SCOTT COUNTY, MISSOURI**

| Judge or Division: Robert Zachary Horack | **Case Number:** 26SO-CV00740 |
|---|---|
| Plaintiff: Tonya Mitchell | Defendant: Carlisle Construction Materials, LLC |

(Date File Stamp)

# REQUEST FOR APPOINTMENT OF SPECIAL PROCESS SERVER

Comes now Plaintiff, through undersigned counsel, pursuant to RSMo Sec. 506.140 and at his/her/its own risk, requests the appointment of:

| Name of Process Server | Address | Telephone |
|---|---|---|
| Scott Brown (HPS Process Service & Investigations) | 6642 Clayton Road, Suite 243, Richmond Heights, MO 63117 | 714-881 -8310 |
| | | |

Name of Process Server / Address / Telephone

a person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

**SERVE:**

CSC Lawyers Inc.
Name

221 Bolivar St.
Address

Jefferson City, MO 65101
City/State/Zip

**SERVE:**

Name

Address

City/State/Zip

**Appointed as requested:**

**Circuit Clerk**

**By**

Stacey Naile by /s/ Christopher LeGrand, Court Clerk

Deputy Clerk

**Date** 07/08/2026

Electronically Filed - SCOTT - July 13, 2026 - 12:03 PM

**IN THE 33RD JUDICIAL CIRCUIT, SCOTT COUNTY, MISSOURI**

| Judge or Division: Robert Zachary Horack | **Case Number:** 26SO-CV00740 |
|---|---|
| Plaintiff: Tonya Mitchell | Defendant: Carlisle Construction Materials, LLC |

(Date File Stamp)

# REQUEST FOR APPOINTMENT OF SPECIAL PROCESS SERVER

Comes now Plaintiff, through undersigned counsel, pursuant to RSMo Sec. 506.140 and at his/her/its own risk, requests the appointment of:

| Name of Process Server | Address | Telephone |
|---|---|---|
| David Roberts (HPS Process Service & Investigations) | 6642 Clayton Road, Suite 243, Richmond Heights, MO 63117 | 714-881 -8310 |
| | | |

Name of Process Server    Address    Telephone

a person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

**SERVE:**
CSC Lawyers Inc.
Name
221 Bolivar St.
Address
Jefferson City, MO 65101
City/State/Zip

**SERVE:**
Name
Address
City/State/Zip

**Appointed as requested:**

**Circuit Clerk**

**By**

Stacey Naile, Circuit Clerk /s/ Sara Potts, Court Clerk
Deputy Clerk

**Date** 07/16/2026

Electronically Filed - SCOTT - July 13, 2026 - 12:03 PM

**IN THE 33RD JUDICIAL CIRCUIT, SCOTT COUNTY, MISSOURI**

| Judge or Division: Robert Zachary Horack | Case Number: 26SO-CV00740 |
| --- | --- |
| Plaintiff: Tonya Mitchell | Defendant: Carlisle Construction Materials, LLC |

(Date File Stamp)

# REQUEST FOR APPOINTMENT OF SPECIAL PROCESS SERVER

Comes now Plaintiff, through undersigned counsel, pursuant to RSMo Sec. 506.140 and at his/her/its own risk, requests the appointment of:

| Name of Process Server | Address | Telephone |
| --- | --- | --- |
| David Roberts (HPS Process Service & Investigations) | 6642 Clayton Road, Suite 243, Richmond Heights, MO 63117 | 714-881 -8310 |
| | | |

Name of Process Server Address Telephone

a person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

**SERVE:**
CSC Lawyers Inc.
Name
221 Bolivar St.
Address
Jefferson City, MO 65101
City/State/Zip

**SERVE:**
Name
Address
City/State/Zip

**Appointed as requested:**

**Circuit Clerk**

**By**

______________________________ **Date** ____________________

Deputy Clerk

Electronically Filed - SCOTT - July 21, 2026 - 11:56 AM

# AFFIDAVIT OF SERVICE

**State of Missouri** **County of Scott** **Circuit Court**

Case Number: 26SO-CV00740

Plaintiff/Petitioner:
**TONYA MITCHELL**
vs.
Defendant/Respondent:
**CARLISLE CONSTRUCTION MATERIALS, LLC**

Received by HPS Process Service & Investigations to be served on **Carlisle Construction Materials, LLC c/o CSC- Lawyers Inc. Service, 221 Bolivar Street, Jefferson City, MO 65101**. I, DAVID M. ROBERTS, being duly sworn, depose and say that on the 20 day of JUL, 2026 at 2:05 pm., executed service by delivering a true copy of the Associate Division Alias Summons; Plaintiff Tonya Mitchell's Petition for Damages; Request for Appointment of Special Process Server; Charge of Discrimination; and Determination and Notice of Rights in accordance with state statutes in the manner marked below:

(X) REGISTERED AGENT SERVICE: By serving LAUREN SHIPLEY as designee for the above-named entity.

( ) RECORDS CUSTODIAN SERVICE: By serving ______ as ______ for the above-named entity.

( ) CORPORATE SERVICE: By serving ______ as ______ for the above-named entity.

( ) OTHER SERVICE: As described in the Comments below.

() NON SERVICE: For the reason detailed in the Comments below.

**COMMENTS:** ______

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made. I declare under penalty of perjury that the foregoing is true and correct.

Subscribed and Sworn to before me on the 20 day of July, 2026 by the affiant who is personally known to me.

Katherine Appleby
NOTARY PUBLIC

KATHERINE APPLEBY
NOTARY PUBLIC-NOTARY SEAL
My Comm. Expires 06/03/2030
ID. # 26453902
Commissioned for Cole County
STATE OF MISSOURI

D M Roberts
PROCESS SERVER # PPS26-0312
Appointed in accordance with State Statutes

**HPS Process Service & Investigations**
**www.hpsprocess.com**
**1669 Jefferson**
**Kansas City, MO 64108**
**(800) 796-9559**

Our Job Serial Number: 2026012535

Copyright © 1992-2026 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

Electronically Filed - SCOTT - July 21, 2026 - 11:56 AM

# Associate Division Alias Summons

IN THE 33RD JUDICIAL CIRCUIT, SCOTT COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>ROBERT ZACHARY HORACK | **Case Number:**<br>**26SO-CV00740** | |
| Plaintiff/Petitioner:<br>TONYA MITCHELL<br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>MICHAEL GARLAND<br>101 W ARGONNE DR. 202<br>KIRKWOOD, MO 63122<br>(314) 332-6228 | |
| Defendant/Respondent:<br>CARLISLE CONSTRUCTION MATERIALS, LLC | Date, Time and Location of Court Appearance: | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | |

**The State of Missouri to:** **CARLISLE CONSTRUCTION MATERIALS, LLC**
**Alias:**
**101 ARMOR DR.**
**SIKESTON, MO 63801**

**Other Addresses:**

You are summoned to appear before this court on the date, time, and location above to answer the attached petition. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition. You may be permitted to file certain responsive pleadings, pursuant to chapter 517, RSMo. Should you have any questions regarding responsive pleadings in this case you should consult an attorney.

**If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.**

***COURT SEAL OF***

***SCOTT COUNTY***

29-JUN-2026
Date

Stacey Naile, Circuit Clerk /s/
Sara Potts, Court Clerk
Clerk

**Further Information:**

Electronically Filed - SCOTT - July 21, 2026 - 11:56 AM

CARLISLE CONSTRUCTION MATERIALS, LLC **Case Number: 26SO-CV00740**

**Officer's or Server's Return**

**Note to serving officer**: Service must not be made less than 10 days nor more than 60 days from the date the defendant/respondent is to appear in court. Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with ______________________, a person at least 18 years of age residing therein.

☒ (for service on a corporation) delivering a copy of the summons and petition to: LAUREN SHIPLEY (name) designee of Reg. Agent (title).

☐ other: ______________________.

Served at 221 BOLIVAR ST., JEFFERSON CITY, MO 65101 (address) in COLE (County/~~City of St. Louis~~), MO, on 07/20/26 (date) at 2:05 pm (time).

DAVID M. ROBERTS
Printed Name of Officer or Server

[signature]
Signature of Officer or Server

KATHERINE APPLEBY
NOTARY PUBLIC-NOTARY SEAL
My Comm. Expires 06/03/2030
ID #26453902
(Seal)
Commissioned for Cole County
STATE OF MISSOURI

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on July 20 2026 (date).

My commission expires: 6/03/30 Date — Katherine Appleby Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Case.net:26SO-CV00740 - TONYA MITCHELL V. CARLISLE CONSTRUCTION MATERIALS (E-CASE) - Docket Entries

| **Respond to Selected Documents** | **Sort by date:** Descending Ascending **Display options:** All Entries

**07/21/2026**

**Summons Personally Served**
Document ID - 26-AASM-266; Served To - CARLISLE CONSTRUCTION MATERIALS, LLC; Served Date - 07/20/2026; Served Time - 14:05:00; Service Type - SP; Reason Description - SERV; Service Text -

**Notice of Service**
Affidavit of Service.
**Filed By:** MICHAEL GARLAND
**On Behalf Of:** TONYA MITCHELL

**07/16/2026**

**Order - Special Process Server**

**07/13/2026**

**Motion Special Process Server**
Request for Appointment of Process Server.
**Filed By:** MICHAEL GARLAND
**On Behalf Of:** TONYA MITCHELL

**07/08/2026**

**Order - Special Process Server**

**07/07/2026**

**Judge/Clerk - Note**
$10.00 Special Process Server fee MUST be paid before order will be uploaded

**07/06/2026**

**Note to Clerk eFiling**

**Filed By:** MICHAEL GARLAND

**Motion Special Process Server**
Request for Appointment of Process Server.
**Filed By:** MICHAEL GARLAND
**On Behalf Of:** TONYA MITCHELL

**07/01/2026**

**Order - Special Process Server**

**06/30/2026**

**Notice**
Notice - Special Process Order Fee.
**Filed By:** MICHAEL GARLAND
**On Behalf Of:** TONYA MITCHELL

**Judge/Clerk - Note**
$10.00 Special process order fee must be paid before order will be issued

**Motion Special Process Server**
Request for Appointment of Process Server.
**Filed By:** MICHAEL GARLAND
**On Behalf Of:** TONYA MITCHELL

**06/29/2026**

**Summons Returned Non-Est**
Document ID - 26-SMCC-135; Served To - CARLISLE CONSTRUCTION MATERIALS, LLC; Served Date - 06/29/2026; Served Time - 16:11:36; Service Type - OT; Reason Description - NEST; Service Text -

**Summons Issued-Circuit**
Document ID: 26-AASM-266, for CARLISLE CONSTRUCTION MATERIALS, LLC

**Alias Summons Requested**
Request for Alias Summons.
**Filed By:** MICHAEL GARLAND
**On Behalf Of:** TONYA MITCHELL

**Return Serv-Subpoena Non-Est**
Summons - Non-Est.
**Filed By:** MICHAEL GARLAND
**On Behalf Of:** TONYA MITCHELL

**05/29/2026**

**Summons Issued-Circuit**
Document ID: 26-SMCC-135, for CARLISLE CONSTRUCTION MATERIALS, LLC

**05/27/2026**

**Filing Info Sheet eFiling**

**Filed By:** MICHAEL GARLAND

**Pet Filed in Circuit Ct**
Petition; Ex. A - Charge of Discrimination; Ex. B - Notice of Right to Sue.
**Filed By:** MICHAEL GARLAND
**On Behalf Of:** TONYA MITCHELL