Electronically Filed - Scott - May 27, 2026 - 02:28 PM

**IN THE CIRCUIT COURT OF**
**SCOTT COUNTY, MISSOURI**

| | | |
|---|---|---|
| TONYA MITCHELL,<br><br>Plaintiff,<br><br>v.<br><br>CARLISLE CONSTRUCTION MATERIALS, LLC<br><br>**Serve:** CSC-Lawyers Inc. Service<br>221 Bolivar St.<br>Jefferson City, MO 65101<br><br>Defendant. | ) | Case No. ________________<br><br>JURY TRIAL DEMANDED |

**<u>PLAINTIFF TONYA MITCHELL'S PETITION FOR DAMAGES</u>**

COMES NOW Plaintiff Tonya Mitchell ("Plaintiff"), by and through undersigned counsel, and for her Petition for Damages against Defendant Carlisle Construction Materials, LLC ("Defendant"), states:

**PARTIES**

1. Plaintiff brings her action under the Missouri Human Rights Act ("MHRA"), RSMo. § 213.010, et seq., and alleges discrimination based on race.

2. Plaintiff is a natural person, a citizen of the State of Missouri, who resides in Scott County, Missouri.

3. Defendant is a limited liability company with its principal place of business at 101 Armor Dr., Sikeston, Missouri 63801.

4. Plaintiff is a former employee of Defendant working from its location at 101 Armor Dr., Sikeston, Missouri 63801.

Electronically Filed - Scott - May 27, 2026 - 02:28 PM

5. Plaintiff was an employee of Defendant at all relevant times mentioned and described herein.

6. Defendant is an employer and Plaintiff is an employee as defined in RSMo. § 213.010.

**JURISDICTION AND VENUE**

7. Defendant's unlawful employment practices complained of herein occurred in Scott County, Missouri.

8. Pursuant to RSMo. § 213.111, jurisdiction and venue are proper in this Court, as the acts, occurrences, and events alleged in this action took place, in whole or in part, in Scott County, Missouri.

**JURISDICTIONAL PREREQUISITES**

9. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR") on or around January 22, 2026, detailing the allegations and claims of discrimination based on race. A true and accurate copy of the Charge is attached hereto as **Exhibit A**.

10. Defendant was named in Plaintiff's Charge.

11. On February 27, 2026, the EEOC issued Plaintiff a Notice of Right to Sue. A true and accurate copy of Plaintiff's Notice of Right to Sue is attached hereto as **Exhibit B**.

12. Plaintiff's Notice of Right to sue under the MHRA will not be issued until 180 days have passed from the date of her filing the complaint.

13. Plaintiff has fully complied with all jurisdictional prerequisites under the EEOC to bring this action.

Electronically Filed - Scott - May 27, 2026 - 02:28 PM

14. Plaintiff is timely filing this action within ninety (90) days of the date her Notice of Right to Sue letter issued, and within two (2) years of Plaintiff's termination by Defendant.

15. Plaintiff has satisfied and exhausted all administrative and judicial prerequisites prior to the filing of this action.

**FACTUAL ALLEGATIONS**

16. Plaintiff was hired by Defendant on or about October 24, 2022, in the position of Production Operator.

17. Plaintiff is a Black woman and is therefore in a protected class.

18. Prior to the incidents described herein, Plaintiff was in good standing with Defendant and had been performing her job duties satisfactorily.

19. Her employment was terminated on or about January 20, 2026, under circumstances that were discriminatory and unlawful.

*i. The Lockout/Tagout ("LOTO") Incident and Disparate Discipline*

20. On or about January 15, 2026, Plaintiff and two other Black male co-workers were performing cleaning and dusting duties in an area near a non-operational machine known as the Flute machine.

21. Defendant has well-established LOTO procedures for functioning production machinery. However, the Flute machine was non-functioning and bore no LOTO locks or Minor Serving Exception locks.

22. Defendant had not communicated any established LOTO procedures regarding non-functioning machines. Notably, this particular machine did not have a Standard Operating Procedure, unlike the working machines.

Electronically Filed - Scott - May 27, 2026 - 02:28 PM

23. Plaintiff and her two co-workers took no steps to perform any LOTO procedures as it was unclear whether it was required.

24. On January 16, 2026, a White co-worker performed the same cleaning and dusting duties on the same machinery.

25. Plaintiff asked this White employee whether she had locked out the machine.

26. The White co-worker informed Plaintiff that she did not perform any LOTO procedures, just as Plaintiff and her two co-workers had decided not to do.

27. That employee stated that she had not done the LOTO procedure because the machine was non-functioning, and therefore LOTO procedures were unnecessary. The same reasoning Plaintiff and her colleagues had applied.

28. The White employee then reported to management that when she completed her duties, she did not perform any LOTO procedures.

29. As a result, supervisors for Defendant disciplined all four employees.

30. However, despite engaging in identical conduct, the discipline imposed was starkly unequal along racial lines.

31. Plaintiff and her two Black co-workers received final written warnings.

32. The White employee received only a verbal warning.

33. Defendant maintains a two-strike written warning policy.

34. As a result, Plaintiff, who had a prior final written warning on file, was terminated on January 20, 2026.

35. In a similar prior incident, on the same day Plaintiff worked on the Flute machine, three White employees were working at the Unwind area.

Electronically Filed - Scott - May 27, 2026 - 02:28 PM

36. When Plaintiff was informed the three White employees had not completed the LOTO procedure for their machine, she reported this to her supervisor, a White employee.

37. No action was taken against these White employees for the same "infraction" as Plaintiff.

*ii. Hostile Work Environment and Prior Complaints*

38. Prior to her termination, Plaintiff was subjected to a sustained pattern of harassment and intimidation that management failed to address despite repeated complaints.

39. Plaintiff's Plant Manager and direct supervisor are White men.

40. Around September 2025, a White female co-worker intentionally physically bumped her shoulder into Plaintiff in an aggressive manner, which was witnessed by another employee.

41. Plaintiff reported this to the Production Manager and her supervisor.

42. Management dismissed the complaint and took no corrective action.

43. On November 7, 2025, Plaintiff and another White co-worker had been reprimanded for a LOTO violation.

44. During management's investigation into the violation, the White co-worker accused Plaintiff of being aggressive and threatening. This statement was recorded and placed into Plaintiff's personnel file.

45. On November 10, 2025, Plaintiff received her first final written warning for this incident and was informed of her co-worker's statement.

46. Plaintiff refused to sign the final written warning because she knew the co-worker's statement regarding her behavior was falsified.

Electronically Filed - Scott - May 27, 2026 - 02:28 PM

47. Plaintiff, out of concern for her job, informed management of the false statements and asked to be removed from working with this employee, to prevent any further false statements.

48. Management took no further steps to investigate Plaintiff's accusation, despite taking steps when the White employee made statements against her.

49. On November 14, 2025, the White employee admitted to Plaintiff that she had fabricated her prior statement to management. That employee apologized and stated that she falsified her report because she was stressed out.

50. Plaintiff immediately reported this admission to the Human Resources supervisor, a White employee.

51. Plaintiff again requested to be relocated to a different work area away from this employee due to the stress and an elevation in her blood pressure, but management refused.

52. No corrective action was taken.

53. On December 16, 2025, a line driver who is a White male, made a loud statement to a co-worker that his "only job today was to piss someone off," which was aimed at Plaintiff.

54. Later that morning, the White employee used his forklift to repeatedly slam its forks up and down on the floor while staring at Plaintiff in an intimidating manner.

55. Plaintiff told her Lead, a White male, that she was tired of this employee intimidating her, and was so disturbed that she requested that she be moved away from the line driver.

56. Plaintiff was told to go back to working with this person, and the Lead said he would talk to the employee.

57. Management moved her away from the employee briefly but made her move back to his vicinity shortly after.

Electronically Filed - Scott - May 27, 2026 - 02:28 PM

58. No further action was taken.

59. On December 18, 2025, that same employee again engaged in intimidating behavior by standing near his forklift in a dark hooded sweatshirt with the hood drawn over his head and face, staring at Plaintiff.

60. No corrective action was taken.

61. In January 2026, prior to her termination, Plaintiff was assigned by her supervisor to complete an unsafe assignment involving the Laminator.

62. She reported this to supervisors, advising them of the danger sign which stated, "Do not go past the rail guard."

63. Plaintiff was still tasked to perform the dangerous assignment.

64. She respectfully refused to comply to her supervisor due to the sign expressly prohibiting that activity.

65. Plaintiff believes that since she already had a final written warning, management would have found used her violating this warning sign as cause to terminate her.

66. Ultimately, Plaintiff refused to perform the procedure.

67. Plaintiff repeatedly informed management that she was working in a hostile work environment and that the ongoing stress was adversely affecting her mental and physical health.

68. Her complaints were consistently ignored or minimized.

**COUNT I**
**Discrimination – Race (§ 213.055)**

69. Plaintiff incorporates all prior paragraphs.

70. Plaintiff is a Black employee and therefore in the protected class for race.

71. Plaintiff was qualified for her position with Defendant and met her employer's legitimate performance expectations.

Electronically Filed - Scott - May 27, 2026 - 02:28 PM

72. Plaintiff was reprimanded under circumstances that employees not in her protected class were not reprimanded for.

73. Specifically, on multiple occasions White employees were not reprimanded, or were reprimanded less severely than Plaintiff for exact same actions.

74. Defendant treated other employees that were not in Plaintiff's protected class better than Plaintiff.

75. Defendant created a hostile work environment so hostile that it changed the terms and conditions of her workplace.

76. Defendant ultimately terminated Plaintiff based on her race.

77. As a direct and proximate result of the conduct of Defendant and the conduct of the supervisors and managers, Plaintiff suffered grievous injury and damage, including but not limited to past, present, and future lost wages, benefits, earnings and earning capacity, mental anguish, pain, humiliation, embarrassment, depression, anxiety, anger, physical manifestations of emotional distress and physical injury, and lost enjoyment of life.

WHEREFORE, Plaintiff Tonya Mitchell prays that this Court rule in her favor, and against Defendant Carlisle Construction Materials, LLC, award damages to compensate Plaintiff for actual and compensatory damages, economic losses and emotional distress, punitive damages, reasonable attorney's fees, and all other relief this Court deems just and proper.

## COUNT II
## Hostile Work Environment

78. Plaintiff incorporates all prior paragraphs.

79. Plaintiff was in a protected class for race.

80. As detailed above, Plaintiff was subject to unwelcome harassment.

Electronically Filed - Scott - May 27, 2026 - 02:28 PM

81. The harassment by Defendant and its employees was based on Plaintiff's protected characteristics.

82. The harassment affected a term, condition, or privilege of her employment in that Plaintiff was terminated.

83. Prior to being terminated, Plaintiff had been trained and worked in all positions within the operations portion of the plant and had authority to operate in all areas except one. This gave her the seniority to be able to work anywhere on the line. However, her management kept her in a position that all other employees viewed as the least desirable position in the plant, despite other White employees being moved to more desirable positions, including less seasoned White employees.

84. Plaintiff provided repeated notice of the harassment to Defendant.

85. Defendant knew or should have known of the harassment and failed to promptly take remedial action.

86. The harassment was sufficiently severe or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive.

87. At the time the harassment occurred, and as a result of the same, Plaintiff believed the work environment to be hostile or abusive.

88. As a direct and proximate result of the conduct of Defendant and the conduct of the supervisors and managers, Plaintiff suffered grievous injury and damage, including but not limited to past, present, and future lost wages, benefits, earnings and earning capacity, mental anguish, pain, humiliation, embarrassment, depression, anxiety, anger, physical manifestations of emotional distress and physical injury, and lost enjoyment of life.

WHEREFORE, Plaintiff Tonya Mitchell prays that this Court rule in her favor, and against Defendant Carlisle Construction Materials, LLC, award damages to compensate Plaintiff for actual

Electronically Filed - Scott - May 27, 2026 - 02:28 PM

and compensatory damages, economic losses and emotional distress, punitive damages, reasonable attorney's fees, and all other relief this Court deems just and proper.

Respectfully,

*/s/ Michael D. Garland*
Michael D. Garland, #74663(MO)
101 W. Argonne Ave. #202
Kirkwood, MO 63122
Tel: 314-332-6228
Email: michael@garlandlawpc.com

***Attorney for Plaintiff Tonya Mitchell***