# EXHIBIT A

**IN THE CIRCUIT COURT OF SCOTT COUNTY, MISSOURI**

| | | |
|---|---|---|
| TONYA MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 26SO-CV00740 |
| v. | ) | |
| | ) | |
| CARLISLE CONSTRUCTION, | ) | |
| MATERIALS, LLC, | ) | Hon. Judge Horack |
| | ) | |
| Defendant. | ) | |

**NOTICE TO SCOTT COUNTY CIRCUIT COURT**

PLEASE TAKE NOTICE that on this day, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 Defendant Carlisle Construction Materials, LLC has removed this cause to the United States District Court for the Eastern District of Missouri, Southeastern Division. The Notice of Removal is attached hereto and contemporaneously filed herewith as **Exhibit A**.

Respectfully Submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

*/s/ James C. Morris*

James C. Morris, #53074
Thomas J. Felman, #75544
211 North Broadway, Suite 2150
St. Louis, Missouri 63102
Telephone: (314) 961-6686
Fax: (314) 338-3076
jmorris@grsm.com
tfelman@grsm.com
*Counsel for Defendant*
*Carlisle Construction Materials, LLC*

**CERTIFICATE OF SERVICE AND CERTIFICATION UNDER RULE 55.03(a)**

The undersigned hereby certifies that a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court on August 19, 2026, thereby executing service upon all counsel of record by operation of the Court's electronic filing system. Pursuant to Rule 55.03(a), the undersigned further certifies that he signed an original of this pleading and that an original of this pleading shall be maintained by him for a period of not less than the maximum allowable time to complete the appellate process.

*/s/ James C. Morris*

EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| TONYA MITCHELL,<br><br>Plaintiff,<br><br>v.<br><br>CARLISLE CONSTRUCTION MATERIALS, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Cause No.: 1:26-cv-00199 |

**NOTICE OF REMOVAL**

COMES NOW Defendant Carlisle Construction Materials, LLC, (hereinafter collectively, "Defendant") by and through the undersigned counsel of record and pursuant to 28 U.S.C. § 1332, § 1441 and § 1446 hereby removes to this Court a lawsuit filed against it by Plaintiff Tonya Mitchell ("Plaintiff") in the Circuit Court of Scott County, Missouri (Case No.: 26SO-CV00740). In support, Defendants state as follows:

1. On May 27, 2026, Plaintiff filed a Petition against Defendant in the Circuit Court of Scott County, Missouri, alleging race discrimination and hostile work environment in violation of the Missouri Human Rights Act ("MHRA"), RSMo. §§ 213.055 and 213.070(2) ("Petition"). A copy of the Petition is attached hereto as part of **Exhibit A**.

2. The instant lawsuit is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1332 by virtue of diversity jurisdiction in that the lawsuit is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

3. With respect to diversity as to the parties' citizenship:

   A. Plaintiff is alleged to be a citizen of the State of Missouri. See Petition, ¶ 2 (Ex. A).

B. Defendant is alleged to be a limited liability company with its principal place of business at 101 Armor Dr., Sikeston, Missouri 63801, however, this is not the case and Defendant's citizenship is properly established based on the citizenship of its members regardless. *E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015) ("An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members). Accordingly, Defendant's citizenship is Delaware and/or Arizona as set forth below:

i. Carlisle Construction Materials, LLC, has a sole member, Carlisle US Roofing , LLC.

ii. Carlisle US Roofing, LLC, has three members: Carlisle Investment, LLC; Carlisle, LLC; and Petersen Aluminum Corporation.

iii. Petersen Aluminum Corporation is a Delaware corporation with its principal place of business in Delaware.

iv. Carlisle Investment, LLC, has a sole member, Carlisle, LLC.

v. Carlisle, LLC, has a sole member, Carlisle Intermediate Holdings, LLC.

vi. Carlisle Intermediate Holdings, LLC, has a sole member, Carlisle Companies Incorporated.

vii. Carlisle Companies Incorporated is a Delaware corporation with its principal place of business in Arizona.

4. With respect to the amount in controversy, when determining whether the requisite jurisdictional amount has been met, courts consider in the aggregate all forms of relief requested, including emotional distress, punitive damages and statutory attorneys' fees. *Crawford v. F. Hoffman La Roche*, 267 F.3d 760, 766 (8th Cir. 2001) (punitive damages and statutory attorneys' fees count in the calculation of amount in controversy); *Larkin v. Brown*, 41 F.3d 387, 389 (8th

Cir. 1994) (actual damages and punitive damages count toward the amount in controversy); *Riffert v. Walgreen Co*., 2008 U.S. Dist. LEXIS 12751 (E.D. Mo. Feb 20, 2008) (emotional distress, punitive damages, and attorneys' fees included in calculation of amount in controversy).

5. "To demonstrate the amount in controversy is met, the defendant must prove the 'jurisdictional fact' by a preponderance of the evidence." *Smith v. AT&T*, No. 4:19-CV-881-RK, 2020 U.S. Dist. LEXIS 75138, at *2 (W.D. Mo. 2020) (citation omitted). "The jurisdictional fact . . . is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are . . . ." Id. at *3. "Put another way, the defendant need only show a fact finder could legally award more than $75,000." Id. (citing *Hartis v. Chicago Title Ins. Co.*, 656 F.3d 778, 781 (8th Cir. 2009)). "The defendant's burden is a pleading requirement, not a demand for proof." Id.

6. In cases in which removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." 28 U.S.C. § 1446(c)(2); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). The amount in controversy in this matter unquestionably exceeds $75,000, exclusive of interest and costs.

7. Plaintiff has brought two claims against Defendant pursuant to the MHRA. The WHEREFORE clauses of the Petition more specifically delineate the damage claims to include "damages to compensate Plaintiff for actual and compensatory damages, economic losses and emotional distress, punitive damages, reasonable attorney's fees, and all other relief this Court deems just and proper." See Petition, Wherefore clauses, pp.8 and 9–10 (Ex. A).

8. "[B]ased on authority and common sense, it is appropriate to factor into an amount-in-controversy calculation the amount of lost wages that will accrue through trial, provided that the plaintiff would be entitled to that amount if successful and there is adequate evidence from which to determine the amount." *Fenlon v. Burch*, No. 4:15-cv-185-JCH, 2015 U.S.Dist. LEXIS 26167, *8-9 (E.D.Mo. 2015).

9. Plaintiff alleges her employment ended on or about January 20, 2026. See Petition, ¶ 19 (Ex. A).

10. In establishing the jurisdictional requirement of over $75,000, this Court can also consider the fact that Plaintiff seeks an unspecified amount for alleged emotional distress and attorney's fees. *Smith v. AT&T*, No. 4:19-CV-881-RK, 2020 U.S. Dist. LEXIS 75138, at *4 (W.D. Mo. 2020) ("Although Plaintiff does not quantify her emotional distress damages or punitive damages, Defendant correctly posits those damages may be considered when determining whether the amount in controversy is satisfied."); *Poole v. Brinker Mo.*, 2007 WL 9805603, 2007 U.S. Dist. LEXIS 108937, *4 (E.D.Mo. 2007) (removing an MHRA claim where unspecified emotional distress damages and/or attorney's fees were likely to push the amount in controversy above $75,000).

11. Recent employment discrimination verdicts have frequently resulted in compensatory and other damages in excess of $75,000. To wit:

· *David Carter v. Missouri Department of Corrections*, Case No. 1916-CV15371 (Mo. Cir. Ct., Jackson County, Mo. Dec. 12, 2022): $788,000 in actual damages and $5 million in punitive damages on age and disability discrimination claims.

· *Young v. Missouri Department of Corrections*, Case No. 1916-CV00215 (Mo. Cir. Ct., Jackson County, Mo. Nov. 16, 2022): $180,000 in actual damages, $150,000 in punitive damages, and $560,722.50 in attorneys' fees on hostile work environment and retaliation claims.

· *Reddiar v. Sec'y of Department of Veterans Affairs*, Case No. 4:20-CV-00410-SRB (W.D. Mo. Jan. 5, 2023): $200,000 in actual damages, $10,000 in non-economic damages, and $147,750 in attorneys' fees on employment retaliation claim.

· *Caster v. Jackson County, Missouri*, Case No. 1616-CV23856 (Jackson County, Mo. June 29, 2022): $984,515 in actual damages, $6 million in punitive damages, and $406,475.50 in attorneys' fees on age and disability discrimination and retaliation claims.

12. As to attorneys' fees, successful plaintiffs in employment cases over the last several years have received substantial attorneys' fees awards. See *Salerno v. MPI Management, LLC*, Western District of Missouri Case No. 19-cv-00145 (order awarding attorney fees in the amount of $518,027.88); *Trickey v. Kaman Industrial Technologies Corp., et al.*, Eastern District of Missouri Case No. 1:09-cv-00026 (order awarding attorney fees in the amount of $201,375.50); *Griffin, et al. v. City of Kansas City, Missouri*, Jackson County Circuit Court No. 0916-CV27999 (judgment awarding attorney fees in the amount of $307,125.00).

13. Moreover, when state law allows a plaintiff to seek punitive damages, the claim "will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum." *Frump ex rel. Aubuchon v. Claire's Boutiques, Inc.*, No. 10-1106-CV-W-SWH, 2011 WL 1103055, at *4 (W.D. Mo. Mar. 22, 2011). The MHRA permits recovery of punitive damages, see Mo. Rev. Stat. § 213.111(2), however, Missouri law prohibits asserting a claim for punitive damages in an initial pleading and sets out the procedure for asserting a punitive damages claim. See Mo. Rev. Stat. §

510.261(5). Defendant presumes that Plaintiff will seek to maintain their premature claim for punitive damages, or seek leave to amend them back into the claim should they be struck by the Court.

14. When the available potential damages are aggregated in this case there is no doubt that the amount in controversy requirement has been satisfied.

15. As set out in 28 U.S.C. § 1446(b), the notice of removal must be filed within 30 days after defendant's receipt of a copy of the initial pleading setting forth the claim for relief.

16. In this case, Defendant accepted service of the Summons and Petition on July 20, 2026.

17. Defendant has, therefore, timely filed this Notice of Removal.

18. According to 28 U.S.C. § 1446(b)(2)(A), "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." There are no other defendants in this case.

19. A copy of all process, pleadings and orders served upon Defendant are attached hereto as **Exhibit A**.

20. The Circuit Court of Scott County, Missouri, where this case was originally filed, is located within the Eastern District of Missouri. See 28 U.S.C. §§ 105(b)(4); L.Rs. 3.2(a)(2) and (b)(3). Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1441 because it is "the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

21. This Notice of Removal is accompanied by written Notice to Plaintiff, and a written Notice to Clerk of Removal filed with the Clerk of the Circuit Court of Scott County, Missouri, on this date, all as required by 28 U.S.C. § 1446(d).

22. After filing this Notice of Removal, Defendant will promptly file a copy of this Notice of Removal with the Circuit Court of Scott County, Missouri, Case No. 24SL-CC02029, will serve a copy on Plaintiff through her counsel of record, and will file the Notice with the Court following receipt of the state court acknowledgement. See 28 U.S.C. § 1446(b) and (d).

23. By removing the case, Defendant is not waiving any defense, jurisdictional or otherwise, which it may possess. Defendant also does not concede that Plaintiff has stated any proper claim against it.

WHEREFORE, Defendant Carlisle Construction Materials, LLC. hereby respectfully request removal of this case from the Circuit Court of Scott County, Missouri to the United States District Court for the Eastern District of Missouri for further proceedings, and for such other and further relief as the Court deems just and appropriate under the premises.

Respectfully Submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

*/s/ James C. Morris*
James C. Morris, #53074MO
Thomas J. Felman, #75544MO
211 North Broadway, Suite 2150
St. Louis, Missouri 63102
Telephone: (314) 961-6686
Fax: (314) 338-3076
jmorris@grsm.com
tfelman@grsm.com
*Counsel for Defendant*
*Carlisle Construction Materials, LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was filed electronically with the Clerk of the Court on August 19, 2026, thereby executing service upon all counsel of record by operation of the Court's electronic filing system.

*/s/James C. Morris*

# EXHIBIT A

# STATE COURT FILE

Electronically Filed - Scott - May 27, 2026 - 02:28 PM

**IN THE CIRCUIT COURT OF**
**SCOTT COUNTY, MISSOURI**

TONYA MITCHELL, )
)
Plaintiff, )
)
v. ) Case No. ________________
)
CARLISLE CONSTRUCTION ) JURY TRIAL DEMANDED
MATERIALS, LLC )
)
**Serve:** CSC-Lawyers Inc. Service )
221 Bolivar St. )
Jefferson City, MO 65101 )
)
Defendant. )

**PLAINTIFF TONYA MITCHELL'S PETITION FOR DAMAGES**

COMES NOW Plaintiff Tonya Mitchell ("Plaintiff"), by and through undersigned counsel, and for her Petition for Damages against Defendant Carlisle Construction Materials, LLC ("Defendant"), states:

**PARTIES**

1. Plaintiff brings her action under the Missouri Human Rights Act ("MHRA"), RSMo. § 213.010, et seq., and alleges discrimination based on race.

2. Plaintiff is a natural person, a citizen of the State of Missouri, who resides in Scott County, Missouri.

3. Defendant is a limited liability company with its principal place of business at 101 Armor Dr., Sikeston, Missouri 63801.

4. Plaintiff is a former employee of Defendant working from its location at 101 Armor Dr., Sikeston, Missouri 63801.

Electronically Filed - Scott - May 27, 2026 - 02:28 PM

5. Plaintiff was an employee of Defendant at all relevant times mentioned and described herein.

6. Defendant is an employer and Plaintiff is an employee as defined in RSMo. § 213.010.

**JURISDICTION AND VENUE**

7. Defendant's unlawful employment practices complained of herein occurred in Scott County, Missouri.

8. Pursuant to RSMo. § 213.111, jurisdiction and venue are proper in this Court, as the acts, occurrences, and events alleged in this action took place, in whole or in part, in Scott County, Missouri.

**JURISDICTIONAL PREREQUISITES**

9. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR") on or around January 22, 2026, detailing the allegations and claims of discrimination based on race. A true and accurate copy of the Charge is attached hereto as **Exhibit A**.

10. Defendant was named in Plaintiff's Charge.

11. On February 27, 2026, the EEOC issued Plaintiff a Notice of Right to Sue. A true and accurate copy of Plaintiff's Notice of Right to Sue is attached hereto as **Exhibit B**.

12. Plaintiff's Notice of Right to sue under the MHRA will not be issued until 180 days have passed from the date of her filing the complaint.

13. Plaintiff has fully complied with all jurisdictional prerequisites under the EEOC to bring this action.

Electronically Filed - Scott - May 27, 2026 - 02:28 PM

14. Plaintiff is timely filing this action within ninety (90) days of the date her Notice of Right to Sue letter issued, and within two (2) years of Plaintiff's termination by Defendant.

15. Plaintiff has satisfied and exhausted all administrative and judicial prerequisites prior to the filing of this action.

## FACTUAL ALLEGATIONS

16. Plaintiff was hired by Defendant on or about October 24, 2022, in the position of Production Operator.

17. Plaintiff is a Black woman and is therefore in a protected class.

18. Prior to the incidents described herein, Plaintiff was in good standing with Defendant and had been performing her job duties satisfactorily.

19. Her employment was terminated on or about January 20, 2026, under circumstances that were discriminatory and unlawful.

### *i. The Lockout/Tagout ("LOTO") Incident and Disparate Discipline*

20. On or about January 15, 2026, Plaintiff and two other Black male co-workers were performing cleaning and dusting duties in an area near a non-operational machine known as the Flute machine.

21. Defendant has well-established LOTO procedures for functioning production machinery. However, the Flute machine was non-functioning and bore no LOTO locks or Minor Serving Exception locks.

22. Defendant had not communicated any established LOTO procedures regarding non-functioning machines. Notably, this particular machine did not have a Standard Operating Procedure, unlike the working machines.

Electronically Filed - Scott - May 27, 2026 - 02:28 PM

23. Plaintiff and her two co-workers took no steps to perform any LOTO procedures as it was unclear whether it was required.

24. On January 16, 2026, a White co-worker performed the same cleaning and dusting duties on the same machinery.

25. Plaintiff asked this White employee whether she had locked out the machine.

26. The White co-worker informed Plaintiff that she did not perform any LOTO procedures, just as Plaintiff and her two co-workers had decided not to do.

27. That employee stated that she had not done the LOTO procedure because the machine was non-functioning, and therefore LOTO procedures were unnecessary. The same reasoning Plaintiff and her colleagues had applied.

28. The White employee then reported to management that when she completed her duties, she did not perform any LOTO procedures.

29. As a result, supervisors for Defendant disciplined all four employees.

30. However, despite engaging in identical conduct, the discipline imposed was starkly unequal along racial lines.

31. Plaintiff and her two Black co-workers received final written warnings.

32. The White employee received only a verbal warning.

33. Defendant maintains a two-strike written warning policy.

34. As a result, Plaintiff, who had a prior final written warning on file, was terminated on January 20, 2026.

35. In a similar prior incident, on the same day Plaintiff worked on the Flute machine, three White employees were working at the Unwind area.

Electronically Filed - Scott - May 27, 2026 - 02:28 PM

36. When Plaintiff was informed the three White employees had not completed the LOTO procedure for their machine, she reported this to her supervisor, a White employee.

37. No action was taken against these White employees for the same "infraction" as Plaintiff.

*ii. Hostile Work Environment and Prior Complaints*

38. Prior to her termination, Plaintiff was subjected to a sustained pattern of harassment and intimidation that management failed to address despite repeated complaints.

39. Plaintiff's Plant Manager and direct supervisor are White men.

40. Around September 2025, a White female co-worker intentionally physically bumped her shoulder into Plaintiff in an aggressive manner, which was witnessed by another employee.

41. Plaintiff reported this to the Production Manager and her supervisor.

42. Management dismissed the complaint and took no corrective action.

43. On November 7, 2025, Plaintiff and another White co-worker had been reprimanded for a LOTO violation.

44. During management's investigation into the violation, the White co-worker accused Plaintiff of being aggressive and threatening. This statement was recorded and placed into Plaintiff's personnel file.

45. On November 10, 2025, Plaintiff received her first final written warning for this incident and was informed of her co-worker's statement.

46. Plaintiff refused to sign the final written warning because she knew the co-worker's statement regarding her behavior was falsified.

Electronically Filed - Scott - May 27, 2026 - 02:28 PM

47. Plaintiff, out of concern for her job, informed management of the false statements and asked to be removed from working with this employee, to prevent any further false statements.

48. Management took no further steps to investigate Plaintiff's accusation, despite taking steps when the White employee made statements against her.

49. On November 14, 2025, the White employee admitted to Plaintiff that she had fabricated her prior statement to management. That employee apologized and stated that she falsified her report because she was stressed out.

50. Plaintiff immediately reported this admission to the Human Resources supervisor, a White employee.

51. Plaintiff again requested to be relocated to a different work area away from this employee due to the stress and an elevation in her blood pressure, but management refused.

52. No corrective action was taken.

53. On December 16, 2025, a line driver who is a White male, made a loud statement to a co-worker that his "only job today was to piss someone off," which was aimed at Plaintiff.

54. Later that morning, the White employee used his forklift to repeatedly slam its forks up and down on the floor while staring at Plaintiff in an intimidating manner.

55. Plaintiff told her Lead, a White male, that she was tired of this employee intimidating her, and was so disturbed that she requested that she be moved away from the line driver.

56. Plaintiff was told to go back to working with this person, and the Lead said he would talk to the employee.

57. Management moved her away from the employee briefly but made her move back to his vicinity shortly after.

Electronically Filed - Scott - May 27, 2026 - 02:28 PM

58. No further action was taken.

59. On December 18, 2025, that same employee again engaged in intimidating behavior by standing near his forklift in a dark hooded sweatshirt with the hood drawn over his head and face, staring at Plaintiff.

60. No corrective action was taken.

61. In January 2026, prior to her termination, Plaintiff was assigned by her supervisor to complete an unsafe assignment involving the Laminator.

62. She reported this to supervisors, advising them of the danger sign which stated, “Do not go past the rail guard.”

63. Plaintiff was still tasked to perform the dangerous assignment.

64. She respectfully refused to comply to her supervisor due to the sign expressly prohibiting that activity.

65. Plaintiff believes that since she already had a final written warning, management would have found used her violating this warning sign as cause to terminate her.

66. Ultimately, Plaintiff refused to perform the procedure.

67. Plaintiff repeatedly informed management that she was working in a hostile work environment and that the ongoing stress was adversely affecting her mental and physical health.

68. Her complaints were consistently ignored or minimized.

**COUNT I**
**<u>Discrimination – Race (§ 213.055)</u>**

69. Plaintiff incorporates all prior paragraphs.

70. Plaintiff is a Black employee and therefore in the protected class for race.

71. Plaintiff was qualified for her position with Defendant and met her employer’s legitimate performance expectations.

Electronically Filed - Scott - May 27, 2026 - 02:28 PM

72. Plaintiff was reprimanded under circumstances that employees not in her protected class were not reprimanded for.

73. Specifically, on multiple occasions White employees were not reprimanded, or were reprimanded less severely than Plaintiff for exact same actions.

74. Defendant treated other employees that were not in Plaintiff's protected class better than Plaintiff.

75. Defendant created a hostile work environment so hostile that it changed the terms and conditions of her workplace.

76. Defendant ultimately terminated Plaintiff based on her race.

77. As a direct and proximate result of the conduct of Defendant and the conduct of the supervisors and managers, Plaintiff suffered grievous injury and damage, including but not limited to past, present, and future lost wages, benefits, earnings and earning capacity, mental anguish, pain, humiliation, embarrassment, depression, anxiety, anger, physical manifestations of emotional distress and physical injury, and lost enjoyment of life.

WHEREFORE, Plaintiff Tonya Mitchell prays that this Court rule in her favor, and against Defendant Carlisle Construction Materials, LLC, award damages to compensate Plaintiff for actual and compensatory damages, economic losses and emotional distress, punitive damages, reasonable attorney's fees, and all other relief this Court deems just and proper.

**COUNT II**
**Hostile Work Environment**

78. Plaintiff incorporates all prior paragraphs.

79. Plaintiff was in a protected class for race.

80. As detailed above, Plaintiff was subject to unwelcome harassment.

Electronically Filed - Scott - May 27, 2026 - 02:28 PM

81. The harassment by Defendant and its employees was based on Plaintiff's protected characteristics.

82. The harassment affected a term, condition, or privilege of her employment in that Plaintiff was terminated.

83. Prior to being terminated, Plaintiff had been trained and worked in all positions within the operations portion of the plant and had authority to operate in all areas except one. This gave her the seniority to be able to work anywhere on the line. However, her management kept her in a position that all other employees viewed as the least desirable position in the plant, despite other White employees being moved to more desirable positions, including less seasoned White employees.

84. Plaintiff provided repeated notice of the harassment to Defendant.

85. Defendant knew or should have known of the harassment and failed to promptly take remedial action.

86. The harassment was sufficiently severe or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive.

87. At the time the harassment occurred, and as a result of the same, Plaintiff believed the work environment to be hostile or abusive.

88. As a direct and proximate result of the conduct of Defendant and the conduct of the supervisors and managers, Plaintiff suffered grievous injury and damage, including but not limited to past, present, and future lost wages, benefits, earnings and earning capacity, mental anguish, pain, humiliation, embarrassment, depression, anxiety, anger, physical manifestations of emotional distress and physical injury, and lost enjoyment of life.

WHEREFORE, Plaintiff Tonya Mitchell prays that this Court rule in her favor, and against Defendant Carlisle Construction Materials, LLC, award damages to compensate Plaintiff for actual

Electronically Filed - Scott - May 27, 2026 - 02:28 PM

and compensatory damages, economic losses and emotional distress, punitive damages, reasonable attorney's fees, and all other relief this Court deems just and proper.

Respectfully,

*/s/ Michael D. Garland*
Michael D. Garland, #74663(MO)
101 W. Argonne Ave. #202
Kirkwood, MO 63122
Tel: 314-332-6228
Email: michael@garlandlawpc.com

***Attorney for Plaintiff Tonya Mitchell***

Electronically Filed - Scott - May 27, 2026 - 02:28 PM

EEOC No. 560-2026-01300 | FEPA No.

# CHARGE OF DISCRIMINATION

Form 5 (06/24)

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

**CHARGE PRESENTED TO:**
EEOC
Missouri Commission On Human Rights

**AGENCY CHARGE NO.**
560-2026-01300

Name *(indicate Mr., Ms., Mrs., Miss, Dr., Hon., Rev.)*: Ms. Tonya Mitchell

Phone No.: 573-620-8172

Year of Birth: 1975

Mailing Address: 1202 Ann Dr

SIKESTON, MO 63801

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.

Name: Carlisle Construction Materials

No. Employees, Members: 501+ Employees

Phone No.: (573) 313-0908

Mailing Address: 101 ARMOR DR

SIKESTON, MO 63801, UNITED STATES OF AMERICA

Name:

No. Employees, Members:

Phone No.:

Mailing Address:

**DISCRIMINATION BASED ON:**

Age, Color, Race, Retaliation

**DATE(S) DISCRIMINATION TOOK PLACE**

Earliest: 11/07/2025

Latest: 01/20/2026

**THE PARTICULARS ARE:**

1. I was hired by the above-named employer on or about October 24, 2022. My job was Production Operator. My payrate was approximately $26.00 per hour. My employment ended on or about January 20, 2026.

2. I am Brown, African American, and over the protected age group. The employer was aware of my protected classed. I was in good standing with the employer prior to the events that led to this situation. I was disciplined for an event that occurred where others outside of my protected class were involved. The others were not disciplined on or about November 7, 2025. There were no established procedures for the events that occurred regarding non-working machines. Several of us cleaned in the area of non-working machines. I had also made a complaint to human resources about a previous matter. I was the only person terminated for this on or about January 20, 2026. Others outside my protected classes were treated more favorably.

3. I believe the employer discriminated against me based on race, color, age, and retaliation when it disciplined and discharged me, in violation of Title VII of the Civil Rights Act of 1964, as amended, and in violation of The Age Discrimination in Employment Act of 1967, as amended.

Electronically Filed - Scott - May 27, 2026 - 02:28 PM



I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct, and that I have read each page of this form.

Digitally Signed By: Ms. Tonya Mitchell
02/25/2026

Charging Party Signature & Date

If a state or local Fair Employment Practices Agency (FEPA) requires notarization, you may need to sign the charge in the presence of a notary. If so, please do so here.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.

______________________________

Notarized Signature of Charging Party

Subscribed and sworn to before me this date:

Signature of Notary______________________________

Printed Name ______________________________

Electronically Filed - Scott - May 27, 2026 - 02:28 PM

# CP Enclosure with EEOC Form 5 (06/24)

## Privacy Act Statement

Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **Form Number/Title/Date.** EEOC Form 5, Charge of Discrimination (06/24).
2. **Authority.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.
3. **Principal Purposes.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.
4. **Routine Uses.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.
5. **Whether Disclosure is Mandatory; Effect of Not Giving Information.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## Notice of Right to Request Substantial Weight Review

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so *within 15 days* of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## Notice of Non-Retaliation Requirements

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA, Section 207(f) of GINA, and 42 USC 2000gg-2(f)(1) of the PWFA it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

Electronically Filed - Scott - May 27, 2026 - 02:28 PM

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**St. Louis District Office**
1222 Spruce St, Rm 8 100
St Louis, MO 63103
(314) 798-1960
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 02/27/2026

**To:** Ms. Tonya Mitchell
1202 Ann Dr
SIKESTON, MO 63801

Charge No: 560-2026-01300

EEOC Representative and email: JILL BERKLAND
EQUAL OPPORTUNITY INVESTIGATOR
JILL.BERKLAND@EEOC.GOV

---

### DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 560-2026-01300.

On behalf of the Commission,

Digitally Signed By:David Davis
02/27/2026

David Davis
District Director

Electronically Filed - Scott - May 27, 2026 - 02:28 PM

**Cc:**
Susan Wallace
Carlisle Construction Materials
1285 Ritner Hwy
Carlisle, PA 17013

Carlisle Construction Materials
101 ARMOR DR
SIKESTON, MO 63801

Please retain this Notice for your records.

Electronically Filed - Scott - May 27, 2026 - 02:28 PM



# INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court* ***under Federal law****. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to: https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a

Electronically Filed - Scott - May 27, 2026 - 02:28 PM



FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 560-2026-01300 to the District Director at David Davis, 1222 Spruce St Rm 8 100, St Louis, MO 63103.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 560-2026-01300 to the District Director at David Davis, 1222 Spruce St Rm 8 100, St Louis, MO 63103.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

# Summons in Civil Case

IN THE 33RD JUDICIAL CIRCUIT, SCOTT COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>ROBERT ZACHARY HORACK | **Case Number: 26SO-CV00740** | |
| Plaintiff/Petitioner:<br>TONYA MITCHELL<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MICHAEL GARLAND<br>101 W ARGONNE DR. 202<br>KIRKWOOD, MO 63122 | |
| Defendant/Respondent:<br>CARLISLE CONSTRUCTION MATERIALS, LLC | Court Address:<br>P O BOX 587<br>BENTON, MO 63736 | |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | (Date File Stamp for Return) |

**The State of Missouri to: CARLISLE CONSTRUCTION MATERIALS, LLC**
**Alias:**
**101 ARMOR DR.**
**SIKESTON, MO 63801**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***

***SCOTT COUNTY***

| | |
|---|---|
| 29-MAY-2026 | Stacey Naile, Circuit Clerk /s/<br>Sara Potts, Court Clerk |
| Date | Clerk |

**Further Information:**

**Officer's or Server's Return**

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with ______________________________, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

______________________________ (name) ______________________________ (title).

☐ other: ____________________________________________.

Served at ____________________________________________ (address)

in ______________________________ (County/City of St. Louis), MO, on ____________________ (date)

at ______________ (time).

______________________________ ______________________________

Printed Name of Officer or Server Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**

Subscribed and sworn to before me on ______________________________ (date).

*(Seal)*

My commission expires: ____________________ ______________________________

Date Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

# Associate Division Alias Summons

IN THE 33RD JUDICIAL CIRCUIT, SCOTT COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>ROBERT ZACHARY HORACK | **Case Number:**<br>**26SO-CV00740** | |
| Plaintiff/Petitioner:<br>TONYA MITCHELL<br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>MICHAEL GARLAND<br>101 W ARGONNE DR. 202<br>KIRKWOOD, MO 63122<br>(314) 332-6228 | |
| Defendant/Respondent:<br>CARLISLE CONSTRUCTION MATERIALS, LLC | Date, Time and Location of Court Appearance: | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | |

**The State of Missouri to: CARLISLE CONSTRUCTION MATERIALS, LLC**
**Alias:**
**101 ARMOR DR.**
**SIKESTON, MO 63801**

**Other Addresses:**

You are summoned to appear before this court on the date, time, and location above to answer the attached petition. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition. You may be permitted to file certain responsive pleadings, pursuant to chapter 517, RSMo. Should you have any questions regarding responsive pleadings in this case you should consult an attorney.

**If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.**

***COURT SEAL OF***

***SCOTT COUNTY***

29-JUN-2026
Date

Stacey Naile, Circuit Clerk /s/
Sara Potts, Court Clerk
Clerk

**Further Information:**

**Officer's or Server's Return**

**Note to serving officer**: Service must not be made less than 10 days nor more than 60 days from the date the defendant/respondent is to appear in court. Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with ______________________________, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

__________________________________________ (name) ____________________________ (title).

☐ other: ____________________________________________________________________________.

Served at ____________________________________________________________________ (address)

in _______________________________ (County/City of St. Louis), MO, on ___________________ (date)

at _____________ (time).

________________________________________ ________________________________________

Printed Name of Officer or Server | Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on ___________________________ (date).

*(Seal)*

My commission expires: __________________ ___________________________

Date | Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - SCOTT - June 29, 2026 - 11:07 AM

**IN THE CIRCUIT COURT OF**
**SCOTT COUNTY, MISSOURI**

| | | |
|---|---|---|
| TONYA MITCHELL,<br><br>Plaintiff,<br><br>v.<br><br>CARLISLE CONSTRUCTION MATERIALS, LLC<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 26SO-CV00740<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF TONYA MITCHELL'S REQUEST FOR ALIAS SUMMONS**

COMES NOW Plaintiff Tonya Mitchell, by and through undersigned counsel, and requests an alias summons for her Petition for Damages against Defendant Carlisle Construction Materials, LLC, due to her initial summons not being served within 30 days.

Respectfully,

*/s/ Michael D. Garland*
Michael D. Garland, #74663(MO)
101 W. Argonne Ave. #202
Kirkwood, MO 63122
Tel: 314-332-6228
Email: michael@garlandlawpc.com

***Attorney for Plaintiff Tonya Mitchell***

Electronically Filed - SCOTT - June 30, 2026 - 03:33 PM

**IN THE CIRCUIT COURT OF**
**SCOTT COUNTY, MISSOURI**

| | | |
|---|---|---|
| TONYA MITCHELL,<br><br>Plaintiff,<br><br>v.<br><br>CARLISLE CONSTRUCTION MATERIALS, LLC<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 26SO-CV00740<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF TONYA MITCHELL'S NOTICE OF PAYMENT**

COMES NOW Plaintiff Tonya Mitchell, by and through undersigned counsel, and provides notice to this Court that she has paid the special process order fee of $10.00.

Respectfully,

*/s/ Michael D. Garland*
Michael D. Garland, #74663(MO)
101 W. Argonne Ave. #202
Kirkwood, MO 63122
Tel: 314-332-6228
Email: michael@garlandlawpc.com

***Attorney for Plaintiff Tonya Mitchell***

Electronically Filed - SCOTT - June 30, 2026 - 09:02 AM

**IN THE 33RD JUDICIAL CIRCUIT, SCOTT COUNTY, MISSOURI**

| | |
|---|---|
| Judge or Division: Robert Zachary Horack | **Case Number:** 26SO-CV00740 |
| Plaintiff: Tonya Mitchell | Defendant: Carlisle Construction Materials, LLC |

(Date File Stamp)

# REQUEST FOR APPOINTMENT OF SPECIAL PROCESS SERVER

Comes now Plaintiff, through undersigned counsel, pursuant to RSMo Sec. 506.140 and at his/her/its own risk, requests the appointment of:

Martin Hueckel (HPS Process Service & Investigations) 6642 Clayton Road, Suite 243, Richmond Heights, MO 63117 714-881 -8310

Name of Process Server Address Telephone

Name of Process Server Address Telephone

a person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

**SERVE:**
CSC Lawyers Inc.
Name
221 Bolivar St.
Address
Jefferson City, MO 65101
City/State/Zip

**SERVE:**
Name
Address
City/State/Zip

**Appointed as requested:**

**Circuit Clerk**

**By**

______________________________ **Date** ______________________

Deputy Clerk

Electronically Filed - SCOTT - June 30, 2026 - 09:02 AM

**IN THE 33RD JUDICIAL CIRCUIT, SCOTT COUNTY, MISSOURI**

| Judge or Division: Robert Zachary Horack | Case Number: 26SO-CV00740 |
|---|---|
| Plaintiff: Tonya Mitchell | Defendant: Carlisle Construction Materials, LLC |

(Date File Stamp)

# REQUEST FOR APPOINTMENT OF SPECIAL PROCESS SERVER

Comes now Plaintiff, through undersigned counsel, pursuant to RSMo Sec. 506.140 and at his/her/its own risk, requests the appointment of:

| Name of Process Server | Address | Telephone |
|---|---|---|
| Martin Hueckel (HPS Process Service & Investigations) | 6642 Clayton Road, Suite 243, Richmond Heights, MO 63117 | 714-881 -8310 |
| | | |

Name of Process Server — Address — Telephone

a person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

**SERVE:**
CSC Lawyers Inc.
Name
221 Bolivar St.
Address
Jefferson City, MO 65101
City/State/Zip

**SERVE:**
Name
Address
City/State/Zip

**Appointed as requested:**

**Circuit Clerk**

**By**

Stacey Naile, Circuit Clerk /s/ Sara Potts, Court Clerk

Deputy Clerk

**Date** 07/01/2026

Electronically Filed - SCOTT - July 06, 2026 - 03:07 PM

**IN THE 33RD JUDICIAL CIRCUIT, SCOTT COUNTY, MISSOURI**

| | | |
|---|---|---|
| Judge or Division: Robert Zachary Horack | **Case Number:** 26SO-CV00740 | |
| Plaintiff: Tonya Mitchell | Defendant: Carlisle Construction Materials, LLC | (Date File Stamp) |

# REQUEST FOR APPOINTMENT OF SPECIAL PROCESS SERVER

Comes now Plaintiff, through undersigned counsel, pursuant to RSMo Sec. 506.140 and at his/her/its own risk, requests the appointment of:

| Name of Process Server | Address | Telephone |
|---|---|---|
| Scott Brown (HPS Process Service & Investigations) | 6642 Clayton Road, Suite 243, Richmond Heights, MO 63117 | 714-881 -8310 |
| | | |

Name of Process Server ______ Address ______ Telephone

a person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

| **SERVE:** | **SERVE:** |
|---|---|
| Name: CSC Lawyers Inc. | Name: |
| Address: 221 Bolivar St. | Address: |
| City/State/Zip: Jefferson City, MO 65101 | City/State/Zip: |

**Appointed as requested:**

**Circuit Clerk**

**By**

______________________________ **Date** ______________________

Deputy Clerk

Electronically Filed - SCOTT - July 06, 2026 - 03:07 PM

**IN THE 33RD JUDICIAL CIRCUIT, SCOTT COUNTY, MISSOURI**

| Judge or Division: Robert Zachary Horack | **Case Number:** 26SO-CV00740 |
|---|---|
| Plaintiff: Tonya Mitchell | Defendant: Carlisle Construction Materials, LLC |

(Date File Stamp)

# REQUEST FOR APPOINTMENT OF SPECIAL PROCESS SERVER

Comes now Plaintiff, through undersigned counsel, pursuant to RSMo Sec. 506.140 and at his/her/its own risk, requests the appointment of:

| Name of Process Server | Address | Telephone |
|---|---|---|
| Scott Brown (HPS Process Service & Investigations) | 6642 Clayton Road, Suite 243, Richmond Heights, MO 63117 | 714-881 -8310 |
| | | |

Name of Process Server    Address    Telephone

a person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

**SERVE:**
CSC Lawyers Inc.
Name
221 Bolivar St.
Address
Jefferson City, MO 65101
City/State/Zip

**SERVE:**
Name
Address
City/State/Zip

**Appointed as requested:**

**Circuit Clerk**

**By**

Stacey Naile by /s/ Christopher LeGrand, Court Clerk

Deputy Clerk

**Date** 07/08/2026

Electronically Filed - SCOTT - July 13, 2026 - 12:03 PM

**IN THE 33RD JUDICIAL CIRCUIT, SCOTT COUNTY, MISSOURI**

| | |
|---|---|
| Judge or Division: Robert Zachary Horack | **Case Number:** 26SO-CV00740 |
| Plaintiff: Tonya Mitchell | Defendant: Carlisle Construction Materials, LLC |

(Date File Stamp)

# REQUEST FOR APPOINTMENT OF SPECIAL PROCESS SERVER

Comes now Plaintiff, through undersigned counsel, pursuant to RSMo Sec. 506.140 and at his/her/its own risk, requests the appointment of:

| Name of Process Server | Address | Telephone |
|---|---|---|
| David Roberts (HPS Process Service & Investigations) | 6642 Clayton Road, Suite 243, Richmond Heights, MO 63117 | 714-881 -8310 |
| | | |

a person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

**SERVE:**

Name: CSC Lawyers Inc.

Address: 221 Bolivar St.

City/State/Zip: Jefferson City, MO 65101

**SERVE:**

Name:

Address:

City/State/Zip:

**Appointed as requested:**

**Circuit Clerk**

**By**

Stacey Naile, Circuit Clerk /s/ Sara Potts, Court Clerk

Deputy Clerk

**Date** 07/16/2026

Electronically Filed - SCOTT - July 13, 2026 - 12:03 PM

**IN THE 33RD JUDICIAL CIRCUIT, SCOTT COUNTY, MISSOURI**

| | |
|---|---|
| Judge or Division: Robert Zachary Horack | **Case Number:** 26SO-CV00740 |
| Plaintiff: Tonya Mitchell | Defendant: Carlisle Construction Materials, LLC |

(Date File Stamp)

# REQUEST FOR APPOINTMENT OF SPECIAL PROCESS SERVER

Comes now Plaintiff, through undersigned counsel, pursuant to RSMo Sec. 506.140 and at his/her/its own risk, requests the appointment of:

| Name of Process Server | Address | Telephone |
|---|---|---|
| David Roberts (HPS Process Service & Investigations) | 6642 Clayton Road, Suite 243, Richmond Heights, MO 63117 | 714-881 -8310 |
| | | |

a person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

| **SERVE:** | **SERVE:** |
|---|---|
| Name: CSC Lawyers Inc. | Name: |
| Address: 221 Bolivar St. | Address: |
| City/State/Zip: Jefferson City, MO 65101 | City/State/Zip: |

**Appointed as requested:**

**Circuit Clerk**

**By**

_______________________ **Date** _______________________

Deputy Clerk

Electronically Filed - SCOTT - July 21, 2026 - 11:56 AM

# AFFIDAVIT OF SERVICE

**State of Missouri** **County of Scott** **Circuit Court**

Case Number: 26SO-CV00740

Plaintiff/Petitioner:
**TONYA MITCHELL**
vs.
Defendant/Respondent:
**CARLISLE CONSTRUCTION MATERIALS, LLC**

Received by HPS Process Service & Investigations to be served on **Carlisle Construction Materials, LLC c/o CSC- Lawyers Inc. Service, 221 Bolivar Street, Jefferson City, MO 65101**. I, DAVID M. ROBERTS, being duly sworn, depose and say that on the 20 day of JUL, 2026 at 2:05 pm., executed service by delivering a true copy of the Associate Division Alias Summons; Plaintiff Tonya Mitchell's Petition for Damages; Request for Appointment of Special Process Server; Charge of Discrimination; and Determination and Notice of Rights in accordance with state statutes in the manner marked below:

(X) REGISTERED AGENT SERVICE: By serving LAUREN SHIPLEY as designee for the above-named entity.

( ) RECORDS CUSTODIAN SERVICE: By serving ______ as ______ for the above-named entity.

( ) CORPORATE SERVICE: By serving ______ as ______ for the above-named entity.

( ) OTHER SERVICE: As described in the Comments below.

() NON SERVICE: For the reason detailed in the Comments below.

**COMMENTS:** ______

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made. I declare under penalty of perjury that the foregoing is true and correct.

Subscribed and Sworn to before me on the 20 day of July, 2026 by the affiant who is personally known to me.

[signature]
NOTARY PUBLIC

KATHERINE APPLEBY
NOTARY PUBLIC-NOTARY SEAL
My Comm. Expires 06/03/2030
ID. # 26453902
Commissioned for Cole County
STATE OF MISSOURI

[signature]
PROCESS SERVER # PPS26-0312
Appointed in accordance with State Statutes

**HPS Process Service & Investigations**
**www.hpsprocess.com**
**1669 Jefferson**
**Kansas City, MO 64108**
**(800) 796-9559**

Our Job Serial Number: 2026012535

Copyright © 1992-2026 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

Electronically Filed - SCOTT - July 21, 2026 - 11:56 AM

# Associate Division Alias Summons

IN THE 33RD JUDICIAL CIRCUIT, SCOTT COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>ROBERT ZACHARY HORACK | **Case Number:**<br>**26SO-CV00740** | |
| Plaintiff/Petitioner:<br>TONYA MITCHELL<br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>MICHAEL GARLAND<br>101 W ARGONNE DR. 202<br>KIRKWOOD, MO 63122<br>(314) 332-6228 | |
| Defendant/Respondent:<br>CARLISLE CONSTRUCTION MATERIALS, LLC | Date, Time and Location of Court Appearance: | |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | (Date File Stamp for Return) |

**The State of Missouri to:** **CARLISLE CONSTRUCTION MATERIALS, LLC**
**Alias:**
**101 ARMOR DR.**
**SIKESTON, MO 63801**

**Other Addresses:**

You are summoned to appear before this court on the date, time, and location above to answer the attached petition. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition. You may be permitted to file certain responsive pleadings, pursuant to chapter 517, RSMo. Should you have any questions regarding responsive pleadings in this case you should consult an attorney.

**If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.**

***COURT SEAL OF***

***SCOTT COUNTY***

29-JUN-2026
Date

Stacey Naile, Circuit Clerk /s/
Sara Potts, Court Clerk
Clerk

**Further Information:**

Electronically Filed - SCOTT - July 21, 2026 - 11:56 AM

CARLISLE CONSTRUCTION MATERIALS, LLC

**Case Number: 26SO-CV00740**

**Officer's or Server's Return**

**Note to serving officer**: Service must not be made less than 10 days nor more than 60 days from the date the defendant/respondent is to appear in court. Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with ______________________, a person at least 18 years of age residing therein.

☒ (for service on a corporation) delivering a copy of the summons and petition to:
LAUREN SHIPLEY (name) designee of Reg. Agent (title).

☐ other: ______________________.

Served at 221 BOLIVAR ST., JEFFERSON CITY, MO 65101 (address)
in COLE (County/~~City of St. Louis~~), MO, on 07/20/26 (date)
at 2:05 pM (time).

DAVID M. ROBERTS
Printed Name of Officer or Server

[signature]
Signature of Officer or Server

KATHERINE APPLEBY
NOTARY PUBLIC-NOTARY SEAL
My Comm. Expires 06/03/2030
ID #26453902
(Seal)
Commissioned for Cole County
STATE OF MISSOURI

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on July 20 2026 (date).

My commission expires: 6/03/30 Date

Katherine Appleby
Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**| Respond to Selected Documents |** **Sort by date:** Descending Ascending **Display options:** All Entries

**07/21/2026**

**Summons Personally Served**
Document ID - 26-AASM-266; Served To - CARLISLE CONSTRUCTION MATERIALS, LLC; Served Date - 07/20/2026; Served Time - 14:05:00; Service Type - SP; Reason Description - SERV; Service Text -

**Notice of Service**
Affidavit of Service.
**Filed By:** MICHAEL GARLAND
**On Behalf Of:** TONYA MITCHELL

**07/16/2026**

**Order - Special Process Server**

**07/13/2026**

**Motion Special Process Server**
Request for Appointment of Process Server.
**Filed By:** MICHAEL GARLAND
**On Behalf Of:** TONYA MITCHELL

**07/08/2026**

**Order - Special Process Server**

**07/07/2026**

**Judge/Clerk - Note**
$10.00 Special Process Server fee MUST be paid before order will be uploaded

**07/06/2026**

**Note to Clerk eFiling**

**Filed By:** MICHAEL GARLAND

**Motion Special Process Server**
Request for Appointment of Process Server.
**Filed By:** MICHAEL GARLAND
**On Behalf Of:** TONYA MITCHELL

**07/01/2026**

**Order - Special Process Server**

**06/30/2026**

**Notice**
Notice - Special Process Order Fee.
**Filed By:** MICHAEL GARLAND
**On Behalf Of:** TONYA MITCHELL

**Judge/Clerk - Note**
$10.00 Special process order fee must be paid before order will be issued

**Motion Special Process Server**
Request for Appointment of Process Server.
**Filed By:** MICHAEL GARLAND
**On Behalf Of:** TONYA MITCHELL

**06/29/2026**

**Summons Returned Non-Est**
Document ID - 26-SMCC-135; Served To - CARLISLE CONSTRUCTION MATERIALS, LLC; Served Date - 06/29/2026; Served Time - 16:11:36; Service Type - OT; Reason Description - NEST; Service Text -

**Summons Issued-Circuit**
Document ID: 26-AASM-266, for CARLISLE CONSTRUCTION MATERIALS, LLC

**Alias Summons Requested**
Request for Alias Summons.
**Filed By:** MICHAEL GARLAND
**On Behalf Of:** TONYA MITCHELL

**Return Serv-Subpoena Non-Est**
Summons - Non-Est.
**Filed By:** MICHAEL GARLAND
**On Behalf Of:** TONYA MITCHELL

**05/29/2026**

**Summons Issued-Circuit**
Document ID: 26-SMCC-135, for CARLISLE CONSTRUCTION MATERIALS, LLC

**05/27/2026**

**Filing Info Sheet eFiling**

**Filed By:** MICHAEL GARLAND

**Pet Filed in Circuit Ct**
Petition; Ex. A - Charge of Discrimination; Ex. B - Notice of Right to Sue.
**Filed By:** MICHAEL GARLAND
**On Behalf Of:** TONYA MITCHELL

# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| TONYA MITCHELL , Plaintiff, | ) | |
| v. | ) | Case No. 1:26-cv-00199 |
| CARLISLE CONSTRUCTION MATERIALS, LLC , Defendant, | ) | |

**ORIGINAL FILING FORM**

**THIS FORM MUST BE COMPLETED AND VERIFIED BY THE FILING PARTY WHEN INITIATING A NEW CASE.**

☐ THIS SAME CAUSE, OR A SUBSTANTIALLY EQUIVALENT COMPLAINT, WAS PREVIOUSLY FILED IN THIS COURT AS CASE NUMBER ____________ AND ASSIGNED TO THE HONORABLE JUDGE ____________.

☐ THIS CAUSE IS RELATED, BUT IS NOT SUBSTANTIALLY EQUIVALENT TO ANY PREVIOUSLY FILED COMPLAINT. THE RELATED CASE NUMBER IS ____________ AND THAT CASE WAS ASSIGNED TO THE HONORABLE ____________. THIS CASE MAY, THEREFORE, BE OPENED AS AN ORIGINAL PROCEEDING.

☒ NEITHER THIS SAME CAUSE, NOR A SUBSTANTIALLY EQUIVALENT COMPLAINT, HAS BEEN PREVIOUSLY FILED IN THIS COURT, AND THEREFORE MAY BE OPENED AS AN ORIGINAL PROCEEDING.

**The undersigned affirms that the information provided above is true and correct.**

Date: August 19, 2026

*/s/ James C. Morris*
Signature of Filing Party

# EXHIBIT C

# CIVIL COVER SHEET

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

Tonya Mitchell

**(b)** County of Residence of First Listed Plaintiff: Scott County, MO
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael Garland, Garland Law, P.C., 101 W. Argonne Ave., Kirkwood, MO 63122, michael@garlandlawpc.com

**DEFENDANTS**

Carlisle Contruction Materials, LLC

County of Residence of First Listed Defendant: Cumberland County, PA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
James C. Morris, Gordon Rees Scully Mansukhani, LLP, 211 N. Broadway Blvd., #2150, St. Louis, MO 63102

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
28 U.S.C. § 1332, § 1441 and § 1446

Brief description of cause:
Plaintiff filed a Petition against Defendant in the Circuit Court of Scott County, Missouri, alleging race discrimination and hostile work environment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 75000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE Horack DOCKET NUMBER 26SO-CV00740

DATE: August 19, 2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______